**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRACEY BERNARD WASHINGTON, | No. 18-16644 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-03054-JAM-DB |
| v. | |
| C. W. ESSEX; C. BANYAS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted August 31, 2021
San Francisco, California

Before: RAWLINSON and BYBEE, Circuit Judges, and CARDONE,[**] District Judge.

Plaintiff-Appellant Tracey Bernard Washington (Washington) appeals from

a district court judgment entered in favor of Defendants-Appellees Dr. Craig W.

Essex (Dr. Essex) and Dr. Carol A. Banyas (Dr. Banyas) following a jury trial.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Washington asserted claims pursuant to 42 U.S.C. § 1983 that Drs. Essex and Banyas (Defendant Doctors) violated his rights by involuntarily medicating him. Washington argues that the district court erred by not appointing a neutral expert after allowing the Defendant Doctors to testify as experts.[1]  Because Washington did not move for the appointment of a neutral expert, but instead moved for the appointment of an expert to assist him, we review for plain error.  *See United States v. Olano*, 507 U.S. 725, 730 (1993).  Plain error is error that is "plain," "affects substantial rights," and "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 732 (citation and internal quotation marks omitted).

Based on the unique facts of this case, we conclude that the district court committed reversible error.  The district court initially denied without prejudice Washington's request for appointment of an expert because Washington mistakenly requested appointment of an expert "to assist him at trial," rather than a neutral expert.  Nevertheless, the district court assured the parties that it would

---

[1]To the extent Washington argues that it was error to permit Defendant Doctors to testify as experts, that argument is not well-taken.  *See Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976) (holding that "[defendant's] interest in the action . . . would affect the weight, not the admissibility of his testimony" as an expert witness).

appoint a neutral expert "should the court later determine that a neutral expert is necessary."

At trial, the district court determined that no expert testimony was necessary to help the jury decide whether the Defendant Doctors violated Washington's constitutional rights when they involuntarily medicated him. Rather, the district court characterized the action as a "credibility case" whereby the jury could "hear . . . Washington's version and [the Defendant Doctors'] version" of events.

The district court reasoned:

> [I]t is a he said/she said case. I mean, it's clear it's a credibility case. And experts don't add anything and experts can't testify . . . All they can do is take what [Defendant Doctors] say and render an opinion, which doesn't assist the jury in this case. It's clearly a credibility case here . . . And I'm not going to waste the jury's time or the Court's time with an expert that's not going to add anything to the issues in this case. It's a very simple, straightforward case. And I'm not going to try to complicate it with experts that don't add anything and may have to shade over into legal opinions. . . . I'm not going to allow the experts to testify.

Having provided these extensive remarks regarding why expert testimony was unnecessary, the district court immediately thereafter designated the Defendant Doctors as experts, without revisiting its denial of Washington's request for the appointment of an expert. Defendant Doctors proceeded to testify as

experts regarding: 1) Washington's mental condition; 2) their reliance on Washington's history of violence despite the substantial passage of time; 3) why Washington's actions constituted a "sudden and marked change" in his mental condition; and 4) why the circumstances constituted an "emergency" warranting involuntary medication.

Of course, the expert testimony proffered by the Defendant Doctors was unrefuted due to the district court's earlier denial of Washington's request for the appointment of an expert. By allowing the Defendant Doctors to testify as experts, the district court's undermined its prior ruling that no expert testimony was necessary to resolve the case.

Under the unique confluence of these events, we conclude that the district court plainly erred, that Washington's substantial rights were affected, and that the error "seriously affect[ed] the fairness" of the trial. *Olano*, 507 U.S. at 732.

Both this court and the United States Supreme Court have declared that the "forcible injection of antipsychotic drugs constitutes a 'particularly severe' invasion of liberty." *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2021) (citation omitted); *see also Washington v. Harper*, 494 U.S. 210, 229 (1990). Accordingly, the district court's denial of Washington's request for the appointment of an expert while allowing the Defendant Doctors to testify as

experts, constituted plain error.[2]  We therefore reverse the district court's

judgment, and remand for a new trial with a neutral expert appointed by the court,

or testimony from the Defendant Doctors only as fact witnesses.

**REVERSED AND REMANDED**.

---

[2]  Washington's remaining arguments are without merit.  Dr. Banyas' testimony was not hearsay because it was not offered to establish that the medical technical assistant (MTA) was unsafe, but to show the effect of the MTA's statement on Dr. Banyas' actions.  *See United States v. Dorsey*, 418 F.3d 1038, 1044 (9th Cir. 2005), *abrogated on other grounds in Arizona v. Gant*, 556 U.S. 332, 343-44 (2009).  The district court did not err by admitting evidence of Washington's term of incarceration because Washington did not object and the district court provided a limiting instruction.  *See Borunda v. Richmond*, 885 F.2d 1384, 1388-89 (9th Cir. 1988).  Admitting evidence of Washington's prior juvenile convictions was not error because the evidence was previously introduced by Washington.  *See Ohler v. United States*, 529 U.S. 753, 760 (2000).  The district court's instructions on admitting Washington's criminal convictions "fairly and adequately covered the issues, correctly stated the law, and were not misleading or prejudicial."  *Ridgeway v. Walmart Inc*, 946 F.3d 1066, 1081 (9th Cir. 2020).  Finally, the district court properly denied Washington's motion under Fed. R. Civ. P. 50(b) based on his failure to make a Rule 50(a) motion.  *See Tortu v. Las Vegas Metro. Police Dep't*, 556 F.3d 1075, 1082 (9th Cir. 2009).